[No. 21163. In Bank.—January 28, 1895.]

## THE PEOPLE, RESPONDENT, *v.* GEORGE B. SMITH, APPELLANT.

CRIMINAL LAW—REASONABLE DOUBT—INSTRUCTION—POSSIBLE DOUBT.— The law requires only a belief in the minds of the jurors to that degree of moral certainty which excludes all reasonable doubt of the guilt of the accused; and an instruction that there must be a conviction in their minds so perfect, complete, and unconditional as to exclude the possibility of a doubt, is properly refused.

ID.—HOMICIDE—INAPPLICABLE INSTRUCTION—HARMLESS ERROR.—Upon the trial of a defendant accused of murder, whilst it is presumably injurious for the court to give, at the request of the district attorney, merely abstract propositions of law having no connection with the evidence, yet the presumption of injury is rebutted and overcome where the record shows affirmatively that the error was harmless.

APPEAL from a judgment of the Superior Court of Nevada County.

The facts are stated in the opinion.

*A. J. Ridge,* and *C. W. Cross,* for Appellant.

The court erred in giving the instruction asked for by the district attorney as to who were principals in

the commission of a crime, as there was no evidence which tended in the slightest degree to establish the theory on which said instruction was based, and, although correct as an abstract proposition of law, it was calculated to and did mislead and confuse the jury. Instructions are always to be given with reference to the fact proved before the jury. (*People* v. *Byrnes*, 30 Cal. 207; *People* v. *King*, 27 Cal. 507; 87 Am. Dec. 95.) Instructions should be founded upon some evidence which was adduced at the trial, and should be based upon some theory logically deducible from at least some portion of the testimony. (*People* v. *Roberts*, 6 Cal. 214; *People* v. *Graham*, 21 Cal. 261; *People* v. *Sanchez*, 24 Cal. 17; *People* v. *Murphy*, 47 Cal. 103; *People* v. *Estrado*, 49 Cal. 171; *People* v. *Vasquez*, 49 Cal. 560; *People* v. *Turley*, 50 Cal. 469; *People* v. *Atherton*, 51 Cal. 495; *People* v. *Cummings*, 57 Cal. 88; *People* v. *Hunt*, 59 Cal. 435; *People* v. *De Silvera*, 59 Cal. 592; *People* v. *Gilbert*, 60 Cal. 108; *People* v. *Bird*, 60 Cal. 7.) The court erred in refusing to instruct the jury that their opinion of the guilt must so nearly approach absolute certainty as to exclude the possibility of a doubt. (*People* v. *Ferry*, 84 Cal. 31.) Where error has been committed in a criminal trial it will be presumed to have injured the defendant, unless the contrary clearly appears. (*People* v. *Murphy*, 47 Cal. 103; *People* v. *Furtado*, 57 Cal. 345. See, also, *People* v. *Gray*, 61 Cal. 182.)

*Attorney General William H. H. Hart*, and *Deputy Attorney General William H. Layson*, for Respondent.

The court did not err in refusing to give the instruction that the opinion of the guilt of the defendant should be so absolutely certain as to exclude the possibility of a doubt, before the jury could find the defendant guilty. This court has always repudiated this doctrine. (*People* v. *Padillia*, 42 Cal. 535, 540; *People* v. *Beck*, 58 Cal. 213; *People* v. *Ferry*, 84 Cal. 35; *People* v. *Hall*, 94 Cal. 595, 601.) Absolute certainty is not required. (*People* v. *Davis*, 64 Cal. 440; *People* v. *Nelson*,

85 Cal. 430.) The transcript does not purport to contain all the evidence. In the absence of proof of the certification of the entire evidence it must be presumed that there were facts to support the charge of the court. (Pen. Code, sec. 1175; Gear's Digest, 443.)

Vanclief, C.—Upon an information accusing him of the crime of murder, the defendant was convicted of manslaughter, and sentenced to imprisonment in the state prison for the term of five years; and has appealed from the judgment and from an order denying his motion for a new trial.

1. Counsel for appellant contends that the verdict of the jury is contrary to the evidence.

No particular in which the verdict is claimed to be contrary to the evidence is specified, either in the brief of counsel for appellant or in the bill of exceptions; and, though the evidence is wholly circumstantial, it strongly tends to prove that the defendant committed the crime of which he was found guilty, and appears to be sufficient to justify the verdict.

2. It is contended that the court erred in refusing to give to the jury the following instruction:

"The jury are directed that their opinion of the guilt of the defendant based upon the evidence in this case must nearly approach absolute certainty; that is, a condition in their minds so perfect, complete, and unconditional as to exclude the possibility of a doubt."

This requested instruction is obviously erroneous, in that it requires a condition in the minds of the jurors which shall exclude "the *possibility* of a doubt"; whereas the law requires only a belief to that degree of moral certainty which excludes all *reasonable* doubt of the guilt of the accused. And this legal qualification of the doubt to be excluded implies the "possibility" of *unreasonable* doubt, which the requisite degree of belief need not exclude.

3. At the request of the district attorney the court instructed the jury as follows:

" The jury are instructed that all persons concerned in the commission of a crime, whether it be a felony or a misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, and all persons counseling, advising, or encouraging children under the age of fourteen years, lunatics, or idiots to commit any crime, or who by fraud, contrivance, or force occasion the drunkenness of another for the purpose of causing him to commit any crime, or who by threats, menaces, command, or coercion compel another to commit any crime, are principals in any crime so committed."

Appellant contends that there is no evidence of the hypothetical facts upon which this instruction was based; that the propositions of law therein stated are merely abstract propositions, having no concrete connection with the evidence; and that they probably had the effect to confuse or mislead the jury to the prejudice of the defendant.

It is true that there was no evidence substantially tending to prove any fact stated in either of the propositions of which the instruction is composed, except that defendant alone committed the crime of which he was convicted; and the only question to be decided is whether or not it affirmatively appears from the record that the jury could not have been misled or confused by the instruction to the prejudice of the defendant; for while it is well settled that such an instruction is erroneous, and therefore presumably injurious, yet the presumption of injury may be rebutted and overcome by an affirmative showing or appearance upon the record that the error was harmless; and I think it so appears in this case; since the jury was imperatively instructed that, " unless the jury are entirely satisfied from the evidence that the defendant, and no other person, killed the deceased, they should acquit the defendant."

I think the judgment and order should be affirmed.

BELCHER, C., and HAYNES, C., concur.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

<div align="center">

McFARLAND, J.,　VAN FLEET, J.,

GAROUTTE, J.,　HARRISON, J.,

TEMPLE, J.